May it please the Court, my name is Amos Lawrence, and I represent the petitioner Hung Kee Leung in this case, whose principal contention on appeal raises a question of statutory construction under the principles of Landgraf v. USI Film Products, namely, did Congress intend in its enactment of the Immigration Act of 1990 to render the aggravated felony barred at 212c relief applicable retroactively to crimes such as petitioners, which were added to the aggravated felony definition by that same legislation. Numerous decisions, including this Court's decision in Toya v. Fasano at 334 Fed 3rd, have addressed the related question of whether Congress intended retroactive application of this bar to aliens convicted of one of the original aggravated felonies, namely, drug trafficking. But the only previous decision that has even considered this question in regard to the aggravated felonies added by the Immigration Act of 1990 was the decision in matter of AA, where the BI expressly acknowledges that such offenses are not subject to the statutory bar unless committed on or after November 29, 1990. Counsel. Yes. What about the case of Salmonego v. Meraz? That case was a drug trafficking case, and in it the this Court determined that the BIA's decision in matter of AA deserved deference, and that deference in regard to the original aggravated felony definitions applying retroactively should be applied by the same reasoning if you give the BIA's decision in matter of AA deference, it recognizes that the subsequent aggravated felonies added by 1990 are prospective only. What was the actual holding of that case? The holding was that the BIA's interpretation of the effective date of that bar was reasonable, and that determination was that it should apply retroactively to a drug trafficking conviction. It is our contention that while this question is subject to de novo review, under established Supreme Court precedent, the BIA's interpretation of this statute is entitled to deference as long as it is reasonable, and the BIA's construction of this particular provision is entirely reasonable in light of the overall structure of the Immigration Act of 1990, which includes three separate provisions relating to the new aggravated felonies, which are prospective only. First, it renders the definition prospective only. Second, it renders the use of such aggravated felonies as grounds for deportation prospective only. And finally, it limits the use of such aggravated felonies as grounds for deportation to deportation proceedings initiated after March 1st, 1991. Therefore, while the provision relating to the bar to 212C relief does not have an effective date, the only way to harmonize this ambiguous provision with the prospective only provisions relating to new aggravated felonies is to include, as the BIA did in matter of AA, that the bar to 212C relief would apply retroactively to such crimes. Otherwise, one would have to conclude that Congress intended on one hand to preclude the use of such convictions as grounds for deportation, but nevertheless wanted to ensure that deportation was the inevitable outcome for aliens convicted of such convictions of such offenses by rendering them ineligible for relief from such criminal conduct. Justice Sotomayor, I don't understand why this case is different than the Samiego-Moraz case, because in that case, we ruled that the aggravated felony bar of 212C applied on convictions that create the Drug Abuse Act. Right. So I don't understand why we would make a distinction for 212C relief for the aggravated felony definition. Well, the reason is this. The original aggravated felonies added by the Anti-Drug Abuse Act of 1988, including drug traffic convictions, were rendered retroactive by the Immigration Act of 1990. That's decided in Ray Lettman by the BIA. In contrast, these provisions relating to the original aggravated felonies have no temporal limitations of any kind. And this Court determined in To'io v. Fasano that in the absence of any temporal regulations, that this application of this bar to original aggravated felonies was ambiguous. In contrast, the Immigration Act of 1990 creates a distinct class of aggravated felonies, which are the new ones, which includes crimes of violence. And these are prospective only. Sarmieno deals with one of the original aggravated felonies, drug trafficking, which indisputably are applicable retroactively by all decisions which have considered this issue. Have any other circuits considered this precise issue that you're arguing here today? No. The only one that's even recognized it is the matter of AA, which created the distinction between the new and the original aggravated felonies, and it reiterated that distinction more recently in Ray Lettman, which was decided after IRA-IRA, so it clearly survives the most recent legislation. We maintain that to conclude that this provision would apply retroactively to new convictions would be inconsistent with congressional intent. I would ask that you, on those grounds, that you overturn the BIA's determination that my client is statutory and eligible for relief on these grounds. Concerning the other issue raised in our appeal, based on the denial of the request for continuance, I'd submit that I would like to submit that in the briefs, unless Your Honors have any questions about that specific issue. Thank you. Thank you, Mr. Lawrence. Mr. Lawrence has 3 minutes, 20 seconds remaining for rebuttal, if you want. And we'll now hear from Mr. Minnick. Good morning. May it please the Court. William Minnick, representing the Respondent. The Board correctly denied Petitioner's application for a Section 212c waiver because his pre-enactment robbery convictions render him ineligible for a 212c waiver. This Court has held that the Immigration Act of 1990s barred 212c waivers for aggravated felons applies to pre-enactment convictions obtained after a contested jury trial. And with respect to aliens who were convicted after trial, this Court did not overrule that determination in Toya. What case are you referring to? San Diego, Your Honor. San Diego dealt with this issue and it determined that pre-enactment convictions do disqualify someone for a 212c waiver. But opposing counsel makes the distinction that that was a different statutory scheme. I think what Petitioner is trying to argue is that in San Diego, the underlying aggravated felony that disqualified the alien in that case was one of the three original aggravated felonies, so it didn't have a prospective effective date. And I think what Petitioner would say is that makes San Diego different. From our perspective, San Diego is not different and the result should be the same and it's still good law because after IRERA, no aggravated felony has a prospective effective date. In other words, he's saying my aggravated felony is different because it has a prospective effective date that was in the statute when it became an aggravated felony. Now, after IRERA section 321b's made its aggravated felony definition applicable, no matter when the conviction occurred, notwithstanding any effective date, no aggravated felony has a prospective effective date. So the rule of San Diego should still apply. Mr. Minnick, has any other circuit addressed the distinction that's argued here? I believe the Second Circuit has reached the same result. A brief I cited in my case, Tom, I think they reached... Same result as we, as San Diego? And toy it together. In other words, that they had a case, a prior case, it began with a B, that held that pre-enactment convictions disqualify an alien for 212c and then, like this court did, in the wake of IRERA, it revisited the issue and determined that that's not true for aliens who were convicted by guilty plea. And you cited that case in your brief, you said? I did, Your Honor. It's Tom. So the Second Circuit has arrived at the same scheme as this circuit, where it has a distinction between a guilty plea and trial by jury. In San Diego, the court held that the bar does not apply to pre-enactment convictions, and in Toya, the court revisited that in light of State Seer. Toya overruled San Diego only with respect to aliens whose pre-enactment convictions were obtained by guilty plea. San Diego is still the applicable rule. Moreover, the reasoning of San Diego remains valid. In Toya, this court determined with respect to aliens convicted by guilty plea that St. Seer compelled the result in that case. Here, the reasoning of Armand de Riz Montoya compels the result in this case, and it's that reasoning that the court should apply. That was a case that examined whether the IRERA's repeal of the availability of 212C relief for aliens convicted after jury trial had a retroactive effect. In Armand de Riz, the court found that the repeal of Section 212C for aliens convicted after a jury trial does not result in a retroactive effect. The court noted, unlike aliens who pled guilty, aliens who elected a jury trial cannot plausibly claim that they would have acted any differently if they had known about AEDPA. The court cited the language from the Seventh Circuit that said it would be an order on the absurd to argue that these aliens might not have committed their crimes or might have resisted conviction more vigorously if they had known that 212C would be repealed. And likewise here, that reasoning applies because the aggravated felony barred to 212C relief doesn't have an impermissible retroactive effect because Mr. Leung cannot plausibly argue that he would have decided not to have committed his crimes or resist his conviction more vigorously if he had known about the aggravated felony bar. Moreover, Petitioner is ineligible even though his robbery offense was not defined as an aggravated felony in 1990. And that's because IRERA's expanded aggravated felony definition applies here. That definition applies regardless of when the crime occurred. Petitioner discussed matter of AA. Matter of AA was a 1992 board case, and it examined the issue that's before the court, whether the pre-enactment convictions apply for the aggravated felony bar. The board determined that pre-enactment convictions do disqualify an alien from 212C relief except for the aggravated felonies that have prospective effective dates. This was in 1992 before IRERA, so some of the aggravated felonies had prospective effective dates. AA is still instructive to the extent that it says pre-enactment convictions qualify. It's just that now the except part can never happen. The board said pre-enactment convictions qualify except those that have prospective effective dates. Now in the wake of IRERA, no aggravated felony will ever have a prospective effective date. So the exception that the board noted in AA, just as a practical matter, can never occur. The Immigration Act of 1990s barred a section of 212C waivers for aggravated felonies applies to pre-enactment convictions obtained after a contested jury trial, as this court held in San Diego and Toya. Petitioner is an aggravated felony incarcerator for more than five years and thus is ineligible for section 212C relief. Unless the Court has additional questions, I will conclude by asking the Court to deny the petition. Thank you, Your Honor. Unless Judge Covello or Judge Rawlinson have a question, we'll let you conclude. Thank you, Your Honor. Thank you very much, Mr. Minnick. Now, Mr. Lawrence. Thank you. I just have a few points, Your Honor. First, we are not maintaining in this appeal that this legislation has impermissible retroactive effect under the second prong of Landgraf. We're maintaining on the first prong of Landgraf that Congress did not intend retroactive effect. Those are distinct issues. Second, none. So if Congress did not intend retroactive effect, that's the end of the matter, in your view. Is that correct? That's established precedent, Your Honor. If you determine that Congress intended prospective application only, that's the end of the question. And that's the only contention we're making. Therefore, the fact that he had no expectations based on a jury trial, settled expectations, that's irrelevant because you don't even reach that issue. If you did, you would find against us. What statutory language are you relying upon to support your argument that Congress did not intend retroactive effect? I'm on the structure of the Immigration Act of 1990, which made three different provisions relating to the new convictions prospective only. Are you familiar with the Tom case that opposing counsel cited from the Second Circuit in its brief? Well, I did address in my response brief on page 6, every case addressed by the government, and every one of them involved drug trafficking. The Tom one, I'm not ---- I don't see that. I don't recognize that. Counsel referred to a Second Circuit case to begin with, B. I think he's referring to Boutrago, Cuesta. Well, but the Tom case is cited in the government's brief. So my question to you is, did you address that in your brief? I don't know that specific decision, Your Honor. But it is my belief that no previous circuit has addressed this issue in regard to a pre-enactment 1990 ag felon. The other two brief points I'd like to make is, is that the IRA-IRA's determination that the definition of aggravated felonies would apply retroactively is not dispositive of these kind of retroactive claims. Otherwise, we wouldn't have Sincere. We wouldn't have Magano-Pisano. We wouldn't have Toya, because that would be dispositive of all these issues. Under a matter of AA and established precedent, it's a two-pronged test. First, does the definition fit, and does the consequences that flow from that definition apply? And we're maintaining under the second is that the consequences of that definition don't apply. So we're not contending it doesn't fit the definition or that IRA-IRA didn't change the effective date of the definition. But the government is partly incorrect that IRA-IRA changed the effective date of this definition as a grounds for deportation or for OSCs initiated after 1991. I thank you, Your Honors. Thank you, Mr. Lawrence. So Lung v. Gonzalez shall be submitted, and we thank both counsel for their helpful arguments.
judges: Gould, Rawlinson, Covello